PERRY *v.* PERRY.

[No. 16,416. Filed May 10, 1940.]

94

*Charles Mendenhall,* of Indianapolis, for appellant.
*L. Russell Newgent,* of Indianapolis, for appellee.

DUDINE, J.—This is an appeal from a judgment declaring appellant incapable of managing his estate because of old age and infirmity and decreeing that a guardian be appointed to take charge of his estate.

The issues were formed by a complaint which was filed by appellee, son of appellant, and an answer in general denial filed by appellant. The cause was submitted to a jury for trial and resulted in a verdict that appellant ". . . is old and infirm and is unable to manage his estate and business by reason thereof." Judgment was entered upon the verdict and in accordance therewith, as we have stated above.

The sole error assigned upon appeal is claimed error in overruling a motion for new trial which was duly filed by appellant.

Appellant contends that the verdict is not sustained by sufficient evidence and, in support of such contention, appellant asserts that the evidence "only showed the defendant to be of old age, therefore (the evidence was) insufficient to warrant the appointment of a guardian." Appellant cites *Harvey* v. *Rodger* (1926), 84 Ind. App. 409, 428, 143 N. E. 8.

This court said in that case: "Old age or infirmity alone is not sufficient to warrant such appointment [of a guardian, under §§ 3442 et seq., Burns' 1914 (§§ 8-301 et seq., Burns' 1933, §§ 3472 et seq., Baldwin's 1934]. It must be such as renders the person 'incapable of managing his estate or business affairs.' "

The evidence in the record as to appellant's ability to manage his estate or business affairs is conflicting. There is, however, evidence in the record which shows that appellant is eighty-five years old; that he owned two pieces of real estate in fee simple and a life estate in a third piece of real estate; that houses are situated upon each of said tracts and each of them had been rented almost continuously for several years before the trial of this cause; that during that period of time appellant had an average monthly rental income of about $65.00 from said properties; that he lived alone and it did not cost him more than $5.00 per week to live; that he did not have a bank account but kept his money in his pocket. The evidence further shows that appellant borrowed money with which to purchase one of the pieces of real estate in 1937, and that in February, 1939, when the trial was had, he did not know how much he had borrowed or how much

he had paid on the loan. Appellant testified that he had collected part of a $750.00 note due him. When he was asked how much he had collected on the note appellant answered, "Well, just what he (the debtor) gives me. I keep what he gives me." When asked further, "Well, when did he (the debtor) give you any money on it," appellant answered, "Oh, a couple of years ago."

Said evidence, when considered together with other evidence in the record which is favorable to the verdict, and with inferences favorable to the verdict which can be drawn from such evidence, is sufficient to sustain a finding not only that appellant was "of old age" but also sufficient to sustain a finding that he was incapable of managing his estate because of old age; therefore, we hold that the verdict of the jury is sustained by sufficient evidence.

Appellant also contends that the trial court erred in refusing to give instruction numbered 1 requested by appellant. That instruction was covered by the instructions given by the court particularly by the court's instruction numbered 8. No good purpose would be served by discussing this question in detail.

Appellant assigns, as causes for new trial, claimed error of the court in sustaining objections to three questions which were asked one of appellee's witnesses on cross-examination. The witness had testified in his direct examination that he had had several business transactions with appellant. The questions to which said objections were sustained, asked the witness's opinion, first, as to whether or not defendant was of weak or strong mind; second, as to whether defendant was competent to attend the ordi-

nary affairs of life; third, as to whether or not defendant was a spendthrift.

Said third inquiry was clearly improper on cross-examination because no evidence had been introduced which showed or tended to show that appellant was a spendthrift. The cause was not being prosecuted on such theory.

It is not necessary that we determine whether or not either said first or said second question was proper and we do not make such determination. It is sufficient to say with reference to said questions that the matter of limiting the scope of the cross-examination of the witness is necessarily one which must rest with the sound discretion of the trial court. The record contains much evidence as to appellant's mental ability to manage his business affairs. The court was quite liberal in the admission of such evidence. The record does not show that the court abused its discretion in limiting the cross-examination of said witness by sustaining objections to said questions.

Appellant also complains of the introduction in evidence of plaintiff's exhibit 5, which is a photograph of the premises in which appellant lived. Appellant contends "no preliminary question was put to the witness that proved the accuracy of the photograph, no showing when taken or who took it." Assuming, but not deciding, that the photograph was not properly identified, its introduction in evidence, if erroneous, constituted error which was harmless.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 27 N. E. (2d) 133.